UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

       v.                                    CASE NO.  8:05-cr-527-T-23MAP

JAMAIL JAMES HOGAN
BRYAN TIMOTHYLEENARD SMITH
_____/

**ORDER**

At issue is whether relief from prejudicial joinder of Defendants and offenses is warranted under Fed. R. Crim. P. 14.  After a hearing, I find the Defendants should be tried separately because each made post-arrest admissions implicating *Bruton v. United States,* 391 U.S. 123 (1968).  However, I find it unnecessary at this stage to sever Defendant Hogan's charge of possessing a firearm by a convicted felon from the remaining counts against him.[1]

A.  *Joinder of Defendants*

The Defendants are charged by superseding indictment with a Hobbs Act conspiracy, substantive Hobbs Act violations, carjacking, and firearms violations.  All these offenses arose during a purported crime spree involving the armed robberies of several businesses in Polk County in late November to early December 2005.  After being arrested, each Defendant made admissions that inculpated himself and the other.  The government says it cannot readily redact from Smith's confession all references to Hogan.  *See Richardson v. Marsh,* 481 U.S. 200 (1987) (holding the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession

---

[1] This order covers two motions which the district judge referred to me for disposition (*see* order at doc. 56): the government's notice of a Bruton issue and motion to try the defendants before different juries or, in the alternative, for severance (doc. 46) and Defendant Hogan's motion to sever offenses (doc. 51).

that is redacted to eliminate the defendant's name and other reference to the defendant's existence).

Both Defendants agree with the government's application of *Richardson*, and neither object to the

severance.  After reviewing the proffered admissions by the Defendants, I agree the Defendants'

post-arrest statements cannot be readily redacted (particularly Smith's).  Accordingly, each

Defendant will be tried separately with Smith's trial occurring first.

    *B.  Hogan's motion to sever count thirteen*

    On December 2, 2005, Hogan is alleged to have robbed Bill's Market in violation of 18

U.S.C. § 1951, knowingly and willfully discharging a firearm during the course of the robbery in

violation of 18 U.S.C. § 924(c)(1)(A), and possessing a firearm being a convicted felon (armed

robbery) in violation of 18 U.S.C. § 922(g)(1).  While the three charged crimes appear to be

inextricably intertwined, nonetheless, Hogan argues the inclusion of the felon-in-possession count

prejudices him and it should be severed from the remaining Hobbs Act and § 924(c) counts.  *See*

*United States v. Jones,* 16 F.3d 487, 492 (joinder of an ex-felon count with other charges requires

either a severance, bifurcation, or some other ameliorative procedure).  The government urges that

severance is not required.  First, it contends the Hogan's prior armed robbery conviction constitutes

Fed. R. Evid. 404(b) evidence.  *See e.g. United States v. Dorta,* 157 Fed. Appx. 197 (11th Cir.

2005).[2]  If, however, the district judge disagrees, the government states it is willing to stipulate to

the Defendant's prior felony conviction thereby insuring the jury will not hear about the details of

the armed robbery.  *See United States v. Bennett,* 368 F.3d 1343, 1351 (11th Cir. 2004), *vacated on*

---

    [2] *Dorta* is an unpublished opinion; consequently, 11th Cir. R. 36-2 renders it instructive and persuasive but not binding precedent.  Like here, the  defendant in *Dorta* was accused of a Hobbs Act violation and possessing a firearm during and in relation to a crime of violence.  The defendant claimed the admission of testimony about two prior uncharged crimes (a home invasion and an attempted bank burglary) under Rule 404(b) was error.  The *Dorta* panel disagreed.  The home invasion and the attempted bank burglary were relevant as to the defendant's intent as those uncharged crimes required the same intent as the charged offense.

*other grounds*, 543 U.S. 1110 (2005). At this stage, severance is premature and therefore unnecessary. The district judge can measure Rule 404(b)'s application when the government proffers its proof and will better able to not only evaluate its relevancy but also any undue prejudice under Rule 403. Obviously, the Defendant can avoid any undue prejudice by simply stipulating to the fact of his prior felony conviction.

*C. Conclusion*

For the reasons stated, it is

ORDERED:

1. The government's motion to sever the trial of the Defendants (doc. 46) is GRANTED. Jury selection for Defendant Smith's trial will begin at 1:30 p.m. on May 8, 2006, in Courtroom 15A.

2. Defendant Hogan's motion to sever offenses (doc. 51) is DENIED without prejudice.

DONE AND ORDERED at Tampa, Florida on May 4, 2006.


MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE




cc:     Hon. Steven D. Merryday
        Counsel of Record