UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:05-cr-527-T-23MAP
            8:10-cv-752-T-23MAP

JAMAIL JAMES HOGAN
_____/

# O R D E R

Hogan moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for five counts of carrying a firearm that was discharged during a crime of violence, carjacking with serious bodily injury, two robberies and an attempted robbery, and possession of a firearm by a convicted felon, for which Hogan serves 2904 months (242 years). Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Hogan's motion is time-barred.

Hogan had one year to file his motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. The circuit court's judgment was entered on November 9, 2007, (Doc. 159 in 8:05-cr-527-T-23MAP) affirming Hogan's conviction and sentence. For purposes of calculating the one-year statute of limitation, the conviction was final on March 3, 2008, when Hogan's petition for the writ of certiorari was denied. Hogan v. United States, ___ U.S. ___, 128 S. Ct. 1488 (2008). See Jones v. United States, 304 F.3d 1035, 1038 fn.5 (11th Cir. 2002) ("[A] conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits."). Consequently, Hogan's deadline was March 3, 2009, more than one year ago.

Hogan recognizes that the motion to vacate is time-barred if the limitation is calculated from the finality of his conviction. Hogan argues for a delayed start of the limitation pursuant to Section 2255(f)(2), which provides for a "1-year period of limitation . . . [from] the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . ." Hogan argues that the governmental impediment precluding his filing a motion to vacate was his confinement in the Polk County jail from October 31, 2006, (two months after imposition of his federal sentence) until March 12, 2009, when he

returned to federal custody. Hogan's confinement in Polk County presents no instance of "governmental action in violation of the Constitution or laws of the United States" that "prevented [his] making a motion." Hogan was lawfully confined in Polk County for a time. However, even assuming that Hogan's confinement in Polk County offended the Constitution and delays the start of the one-year limitation, the motion to vacate remains untimely because the limitation expired on March 12, 2010, and the motion to vacate was not filed until March 30, 2010, approximately two weeks late.[2]

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Hogan and close this action.

ORDERED in Tampa, Florida, on April 7, 2010.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Two months after returning to federal custody Hogan filed a motion for new trial (Doc. 167 in 8:05-cr-527-T-23MAP) in which he asserted the same argument that forms the basis of ground two in the motion to vacate. Clearly Hogan could have filed his motion to vacate far sooner than the end of March, 2010. The order (Doc. 171) denying Hogan's motion for a new trial, states in pertinent part:

> A thorough review of Hogan's motion suggests that . . . he mistakes the nature of the evidence that he purports to challenge. The evidence against him, including surveillance videos, an array of physical evidence linking him to the crime, and other persuasive evidence, excluded beyond any imaginable question any hypothesis of innocence. . . . The evidence challenged by Hogan, although consistent with the hypothesis of guilt, contributed only infinitesimally by way of confirmation to the unmistakable and irrefutable evidence of guilt otherwise presented to the jury. Neither dismissing, disproving, nor altering the evidence of the shoes and the footprints affects the verdict at all.

- 3 -