UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:05-cr-527-T-23MAP

JAMAIL JAMES HOGAN
_____/

**ORDER**

Claiming that "the trial court wrongfully increased the mandatory minimum sentence . . . and sentenced [Hogan as a] 'second or subsequent offender,'" Hogan moves (Doc. 187) under Rule 60(b)(6), Federal Rules of Civil Procedure, and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), for an order vacating his sentence.

In 2006 a jury found Hogan guilty (Doc. 104) of the crimes charged in Counts One through Seven and Nine through Thirteen of the superseding indictment.[*] Having found Hogan guilty of Counts Three, Five, Seven, Ten, and Twelve – each charging a violation of 18 U.S.C. § 924(c) – the jury confirmed on the verdict form their finding that Hogan had either discharged or brandished a firearm.

---

[*] Count One – conspiracy to obstruct commerce by robbery (18 U.S.C. § 1951); Count Two – carjacking with serious bodily injury (18 U.S.C. § 2119(2)); Counts Four, Six, Nine, and Eleven – obstruction and attempted obstruction of commerce by robbery (18 U.S.C. §§ 1951); Counts Three, Five, Seven, Ten, and Twelve – carrying, brandishing, and discharging a firearm in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)); and Count Thirteen – possession of a firearm by a convicted felon (18 SU.S.C. § 922(g)(1)).

At sentencing Hogan received a sentence of two thousand nine hundred four (2,904) months, which consists of two hundred forty (240) months on each of Counts One, Four, Six, Nine, and Eleven; three hundred (300) months on Count Two; one hundred twenty (120) months on Count Thirteen; eighty-four (84) months on Count Three; and three hundred (300) months on each of Counts Five, Seven, Ten, and Twelve. All terms run consecutively.

In 2007 the court of appeals (Doc. 159) affirmed and in 2008 the Supreme Court denied *certiorari* (Case No. 07-9149). A 2010 order (Doc. 177) dismisses as time-barred Hogan's motions to vacate under 28 U.S.C. § 2255 (Docs. 174 and 175). The court of appeals denied a certificate of appealability. In 2012 the district court denied Hogan's motion for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure.

A year later Hogan files another Rule 60(b) motion (Doc. 187), in which he argues entitlement to application of the recent decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Hogan argues that his sentences for Counts Five, Seven, Ten, and Twelve were limited to seven years (a firearm was brandished) and ten years (a firearm was discharged) and that the imposed consecutive sentences of twenty-five years are invalid because the judge – rather than the jury – determined that the offenses were "second or subsequent."

Three reasons preclude Hogan's benefitting under *Alleyne*. First, Hogan impermissibly attempts to use Rule 60(b) to circumvent the preclusion against a

second or successive petition under Section 2255.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), recognizes that a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzalez*, 545 U.S. at 531-32, instructs that a petitioner cannot use a Rule 60 motion to circumvent the preclusion against a second or successive motion.

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute.  28 U.S.C. § 2254 Rule 11.  Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated:  even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.  § 2244(b)(3).

Second, even if review under Rule 60(b) were proper, Hogan's reliance on *Alleyne* is misplaced and the motion lacks merit, as *Alleyne*, 133 S.Ct. at 2160 (emphasis added) explains:

> Consistent with common-law and early American practice, *Apprendi* concluded that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime. *Id.*, at 490, 120 S.Ct. 2348 (internal quotation marks omitted); *id.*, at 483, n.10, 120 S.Ct. 2348 ("[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense").[FN1] We held that the Sixth Amendment provides defendants with the right to have a jury find those facts beyond a reasonable doubt. *Id.*, at 484, 120 S.Ct. 2348. While *Harris* limited *Apprendi* to facts increasing the statutory maximum, the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum.
>
> [FN1] In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), we recognized a narrow exception to this general rule **for the fact of a prior conviction.** Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.

To summarize, under *Alleyne* and *Almendarez-Torres* a jury need not determine the existence of a prior conviction before a court imposes a minimum mandatory sentence that is increased because of a prior conviction. Hogan's claim that his twenty-five year sentences were "based on judicial fact-finding, and not the jur[y's] verdict alone" lacks merit.

Third, *Alleyne* is accorded no retroactive effect. *Alleyne* is an extension of *Apprendi*, which is not applied retroactively. *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied* 536 U.S. 906 (2002). Recently the Eleventh Circuit determined that *Alleyne*, like *Apprendi*, is not retroactive. *Starks v. Warden, FCC Coleman-USP I*, ___ Fed. App'x ___, 2013 WL 6670797 at *2-3 (11th Cir. December 19, 2013). *Accord Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013). *See also Bennett v. United States*, No. CV613-

083, 2013 WL 5406653 (S.D. Ga. Sept. 25, 2013) (rejecting applying *Alleyne* retroactively and recognizing that *Apprendi*, on which *Alleyne* is based, is not retroactive).  Moreover, earlier extensions of *Apprendi* received no retroactive effect. *See, e.g., Schriro v. Summerlin*, 542 U.S. 348 (2004).

Accordingly, Hogan's Rule 60(b) motion (Doc. 187) is **DENIED**.

ORDERED in Tampa, Florida, on December 24, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE